JS-6

FILED
CLERK, U.S. DISTRICT COURT
SEP -5 2008
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL WALLACE, on his own behalf and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br>vs.<br><br>UNIVERSAL MUSIC GROUP, INC., a Delaware corporation,<br><br>           Defendants. | CASE NO. CV 08-04553 RGK (FMOx)<br><br>**ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT** |

On July 11, 2008, Defendant Universal Music Group, Inc. ("Defendant") removed this action from Superior Court for the State of California, County of Los Angeles, to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332(d). On July 22, 2008, the Court issued an Order to Show Cause Re Lack of Jurisdiction ("OSC"), which required Defendant to submit evidence establishing that this Court has subject matter jurisdiction over the matter. Defendant timely responded to the OSC.

After reviewing Defendant's response to the OSC, on August 15, 2008 the Court issued an Order Requesting Supplemental Briefing on OSC ("Order"). On August 25, 2008, Defendant filed its Response

to the Order, along with a Stipulation wherein Plaintiff disputed the Court's jurisdiction based on failure to satisfy the amount in controversy. Plaintiff Samuel Wallace, on his own behalf and on behalf of all others similarly situated ("Plaintiff") filed his Response to the Order on August 25, 2008. On August 29, 2008, Defendant filed its Response to Plaintiff's Response to the Order.

For the following reasons, the Court finds that it does not have jurisdiction over this matter.

Pursuant to the Class Action Fairness Act ("CAFA"), a district court lacks subject matter jurisdiction over a class action unless the amount in controversy exceeds $5,000,000. 28 U.S.C. § 1332(d)(2). When a class action is removed from state court and it is unclear from the face of the complaint that the amount in controversy requirement is met, the removing defendant has the burden of establishing, by a preponderance of the evidence, that the amount in controversy requirement is met. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699 (9th Cir. 2007).

Here, this matter is a class action removed by Defendant from state court and it is unclear from the face of Plaintiff's state court complaint that CAFA's $5 million amount in controversy requirement is met. Thus, Defendant has the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $5 million.

Defendant attempts to meet its burden by explaining that even if only a little over one percent of U.S. mobile phone users received unauthorized mobile content from Defendant, the amount in controversy would exceed $5 million. (Def. Resp. OSC 8.) Defendant, however, fails to explain why and how it arrived at that estimate. Since Defendant has failed to establish, beyond mere speculation, that the

///
///
///
///
///

amount in controversy more likely than not exceeds $5 million, the Court finds that Defendant has not met its burden of establishing that CAFA's amount in controversy requirement is met. Thus, the Court lacks subject matter jurisdiction over this action.

In light of the foregoing, the above-entitled case is ordered **remanded** to Superior Court for all further proceedings for lack of subject matter jurisdiction.

DATED: 9/5/08

R. GARY KLAUSNER
UNITED STATES DISTRICT JUDGE